UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND; IRON
WORKERS' HEALTH FUND OF EASTERN
MICHIGAN; IRON WORKERS' LOCAL NO. 25
VACATION PAY FUND; IRON WORKERS'
DEFINED CONTRIBUTION PENSION FUND;
and IRON WORKERS' APPRENTICESHIP
FUND OF EASTERN MICHIGAN, Trust
Funds Established and Administered Pursuant
to Federal Law,

       Plaintiffs,

v.

NICHOLSON CONTRACTOR SERVICES,
LLC, a Michigan limited liability company
d/b/a NICHOLSON ENERGY,

       Defendant.

Case No. 18-
Hon.

**DAVID J. SELWOCKI  (P51375)**
**JESSICA L. SCHUHRKE (P77561)**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield MI  48075
(248) 746-0700
(248) 746-2760 fax
dselwocki@swappc.com
mhenzi@swappc.com
jschuhrke@swappc.com

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against

Defendant, NICHOLSON CONTRACTOR SERVICES, LLC, d/b/a NICHOLSON ENERGY, state as follows:

1. Plaintiffs are the Trustees of the IRON WORKERS' LOCAL NO. 25 PENSION FUND, IRON WORKERS' HEALTH FUND OF EASTERN MICHIGAN, IRON WORKERS' LOCAL NO. 25 VACATION PAY FUND, IRON WORKERS' DEFINED CONTRIBUTION PENSION FUND and IRON WORKERS' APPRENTICESHIP FUND OF EASTERN MICHIGAN (hereinafter referred to as "FUNDS").  The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Novi, Oakland County, Michigan.

2. Defendant NICHOLSON CONTRACTOR SERVICES, LLC d/b/a NICHOLSON ENERGY., is a Michigan limited liability company with its principal offices in the State of Michigan (hereinafter "NICHOLSON").

3. That this Defendant is an employer or agent of employers engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3).  This Individual is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus

2

obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

4. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

5. At all times relevant hereto, Defendant NICHOLSON was signatory to a Collective Bargaining Agreement with the Union.

6. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

7. Pursuant to the terms and provisions of the Collective Bargaining Agreement between NICHOLSON and the Union, NICHOLSON agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by NICHOLSON, and covered by the Agreement.

8. That pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents of the FUNDS, contributions become vested plan assets on the date in which they are due.

9. That pursuant to the Collective Bargaining Agreements, Defendant NICHOLSON is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 26th day of the month following the month in which the hours were worked.

10. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

11. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and necessary books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

12. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

13. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement

between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## COUNT I
## BREACH OF COLLECTIVE BARGAINING
## AGREEMENT AND 29 USC §1145

14. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 13 above as though fully set forth herein.

15. That notwithstanding its contractual obligations, NICHOLSON has failed and refused to pay its obligations, in particular late payment liquidated damages, in the amount of $2,634.80, therefore violating the Collective Bargaining Agreements and various provisions of ERISA.

16. After several demands were made, the Company made a payment of $5,151.97, which comprised of the unpaid contributions pursuant to an audit and the audit liquidated damages.

17. After making further demands, late payment liquidated damages in the amount of $2,634.80 have not been paid and apparently are being refused to be paid in violation of the Collective Bargaining Agreement and the Plan and Trust documents.

18. Further, an audit is necessary to determine whether NICHOLSON owes any additional fringe benefit contributions.

19. That in the event the audit reveals that NICHOLSON owes fringe benefit contributions, the Trustees of the FUNDS may be required to deny employee

beneficiaries of such FUNDS, for whom contributions have not been made, the benefits provided thereunder, thereby causing to such employee beneficiaries substantial and irreparable damage.

20. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreements and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B. Enter a Judgment in the amount of $2,634.80 in late payment liquidated damages through work month December 2017;

C. Enter an Order that Defendant NICHOLSON open its books and records for a complete payroll audit;

D. Enter a Judgment in favor of Plaintiffs against Defendant NICHOLSON CONTRACTOR SERVICES, d/b/a NICHOLSON ENERGY, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs, and all of the mandates of 29 USC §1132(g)(2), and other sums as may become due to the FUNDS during the pendency of this action;

E. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

F.   Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN, WARD,
    ASHER & PATTON, P.C.**

By:   /s/David J. Selwocki
      David J. Selwocki (P51375)
      Attorney for Plaintiffs
      1000 Maccabees Center
      25800 Northwestern Highway
      Southfield, MI  48075-8412
      248-746-0700
Dated: December 18, 2018     dselwocki@swappc.com

W2223446.DOC/A35-052347